IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA BRIDGES                                                                                      PLAINTIFF

v.                                            Civil No. 2:20-CV-02069

LIEUTENANT C. DOWDY                                                                         DEFENDANT

## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. The Court has received a report and recommendation (Doc. 20) from United States Magistrate Judge Mark E. Ford. The Magistrate recommends that the Court dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) for failure to comply with a court order and failure to prosecute this case. Plaintiff has since filed two documents in this case, rendering a dismissal pursuant to Rules 41(b) and 5.5(c)(2) inapplicable. The Court has conducted a *de novo* review of this case and finds, for the reasons set forth herein, that the recommendation to dismiss (Doc. 20) should be ADOPTED pursuant to Local Rule 56.1(c).

I.    BACKGROUND

Plaintiff filed his Complaint on April 28, 2020. (Doc. 1). Plaintiff alleges that his constitutional rights were violated while he was a pretrial detainee in the Crawford County Detention Center ("CCDC") from November 2019 through April 2020. (*Id*. at 4-7). Plaintiff, who is deaf, alleges Defendant Dowdy denied him access to a certified American Sign Language ("ASL") interpreter for almost five months. (*Id*. at 6-7). Instead, a "Dr. C." told him he was to "continue to communication by writing." (*Id*.). He further alleges communication interruptions and disrespectful treatment by Defendants Henry and Ganz. (*Id*. at 4-5). Plaintiff alleges Defendant Henry interrupted his written exchanges with another inmate and did not allow Plaintiff

1

to finish his conversation. (*Id*. at 4). Plaintiff alleges that Defendant Ganz issued a handwritten note to Plaintiff in which she was disrespectful toward him. (*Id*. at 5).

Plaintiff proceeds against Defendant Henry in his official capacity. (*Id*. at 4). The complaint indicates that Plaintiff is proceeding against Defendants Dowdy and Ganz in their personal capacities. (*Id*. at 5-6). However, Plaintiff added text to the form question regarding official capacity claims, thus indicating that he intends to proceed against Defendants Dowdy and Ganz in their official capacities as well. (*Id*. at 7). From this, the Court will infer that Plaintiff is proceeding against Defendants Dowdy and Ganz in both their official and personal capacities. Plaintiff does not indicate whether he is proceeding against Defendant Brown in his official or personal capacity.

Plaintiff seeks compensatory damages in the amount of "2.5 billions dollar [sic] inside credit card under my name design is train credit card." (Doc. 1 at 7) (capitalization corrected for clarity).

On June 10, 2020, the Court entered a preservice screening order pursuant to the provisions of the Prison Litigation Reform Act (PLRA). (Doc. 7). Plaintiff's claim against Defendant Dowdy for the denial of an ASL interpreter remained for further review. All other claims and Defendants were dismissed without prejudice. (*Id*. at 6). Key to the analysis in leaving the ASL interpreter claim for review was the Court's concern that Plaintiff's mental fitness was being questioned in his state criminal trial, leaving his ability to communicate effectively in writing open to question at that early stage in the case. The results of that mental competency examination are now available, and Plaintiff was found competent to stand trial. The assessment was conducted with two interpreters present. Pertinent to this case, Plaintiff indicated that he can speak, but does not often do so. He also represented that he can "hear some," and does understand when someone is

speaking to him. (*Id*.). The evaluator assessed his overall intellectual capacity as being in the low average range. (*Id*.). *State v. Joshua Bridges*, Case No. 17CR-19-1116, (Crawford Cty. Cir. Ct.).[1] The Court also notes the Plaintiff has successfully filed several cases in this District.

On December 31, 2020, Defendant Dowdy filed her motion for summary judgment. (Doc. 16). On January 4, 2021, the Court entered an order directing Plaintiff to submit his summary judgment response by January 25, 2021. (Doc. 19). In the order, Plaintiff was advised that failure to submit his response by the deadline would result in either Defendant's facts being deemed admitted pursuant to Local Rule 56.1(c) or in the dismissal of his case without prejudice pursuant to Local Rule 5.5(c)(2). (*Id*.).

On February 26, 2021, the Honorable Mark E. Ford, Magistrate Judge, entered a report and recommendation which noted Plaintiff's failure to provide any response to Defendant Dowdy's motion for summary judgment, and recommended that the case be dismissed without prejudice for failure to comply with a Court order and failure to prosecute the case. (Doc. 20).

On March 15, 2021, Plaintiff filed a document labelled "Summary Judgment Motion," which was filed as his summary judgment response. (Doc. 21). This document consisted of a single paragraph stating that he did not receive all his medication, despite filing grievances and paying for medical bills. (*Id*.). On March 24, 2021, Plaintiff filed a second document labelled "Summary Judgment Motion." (Doc. 22). This document was filed as his second summary judgment response. (Doc. 22). This document consisted of a single paragraph stating that Plaintiff filed daily medical requests and three grievances concerning Tylenol. (*Id*.). In both documents he refers to a summary judgment response, but there are no additional documents in either

---

[1] Available at Arkansas Court Connect (last accessed March 24, 2021).

submission. Although these documents were filed approximately two months after the deadline, the Court will consider them.

As Plaintiff has not provided a summary judgment response which in addresses his claim that he was denied an ASL interpreter, the Court must consider the facts set forth in Plaintiff's verified complaint in ruling on the summary judgment motion. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001).

As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will "piece[] together [Plaintiff's] version of the facts from the verified complaint. . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016). Those portions of the Defendants' statement of material facts that do not conflict with Plaintiff's verified complaint are deemed admitted. *Id*.

## II.   LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, the facts set forth by the Defendants are deemed admitted except to the extent contradicted by the verified complaint. The question is whether given the facts as pieced together by the Court, there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated.

### III. ANALYSIS

Defendant Dowdy argues that summary judgment in her favor is appropriate because: 1) neither Plaintiff's constitutional rights nor his rights under the Americans with Disabilities Act have been violated; 2) Plaintiff's claim against her is barred by qualified immunity; and 3) there is no evidence of an unconstitutional policy or custom. (Doc. 18).

Based on the summary judgment record before the Court, there was no violation of Plaintiff's constitutional rights or his rights under the Americans with Disabilities Act ("ADA"). An inmate does not have a federal constitutional or statutory right to be provided with an ASL interpreter on-demand during his or her incarceration. Instead, under both the Eighth Amendment[2]

---

[2] Nothing in Plaintiff's Complaint supports a disparate treatment or Equal Protection claim.

and the ADA, a jail or prison is only required to provide reasonable accommodation to inmates with disabilities. Such entities need not, however, provide accommodations that are unduly burdensome to the facility. *Mason v. Correctional Medical Services, Inc.*, 559 F.3d 880, 886-88 (8th Cir. 2009) (provision of an inmate reader to a blind inmate sufficient accommodation; use of a certified professional assistant unduly burdensome); *cf. Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir. 1980) (denial of means of personal hygiene and a wheelchair to an inmate unable to walk sufficient to state a claim of cruel and unusual punishment under the Eighth Amendment). Additionally, a reasonable accommodation is not required to be the inmate's ideal or preferred accommodation. *See Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (8th Cir. 2011); *Huber v. Wal-Mart Stores, Inc.*, 486 F.3d 480, 484 (8th Cir. 2007).

In his verified complaint, Plaintiff alleged only that he was denied an ASL interpreter for five months. Defendant Dowdy's summary judgment documents indicate that Plaintiff requested an interpreter to speak with individuals outside CCDC. Plaintiff was arrested on November 30, 2019. (Doc. 17 at 1). Plaintiff first submitted a written request for an interpreter to speak to his therapist on December 3, 2019. (*Id*.). On January 14, 2020, he submitted a grievance asking for an interpreter for a phone call. (*Id*. at 1-2). On January 16, 2020, he submitted a written grievance asking for an interpreter, and clarified that request on January 18, 2020, indicating that he wanted an ASL interpreter in the jail from 8:00 a.m. until 4:00 p.m. daily. (*Id*. at 2). Defendant Dowdy responded to this request, and informed him this was not possible unless there was a special program available. Plaintiff did not provide any information concerning a program that would make this type of service available. (*Id*. at 2, 3). Defendant Dowdy then informed CCDC staff that Plaintiff was to be permitted to use the teletype (TTY) phone to communicate with individuals outside CCDC. (*Id*. at 3-4). On February 10, 2020, and frequently thereafter, Plaintiff was

permitted to use the TTY phone when he requested it, limited only by the availability of a staff member to escort him to the area where the phone was located. (*Id*. at 4-5). Plaintiff was not required to make a formal written request to use the TTY phone. (*Id*. at 4).

Once Plaintiff had access to the TTY phone, he made no further requests for an interpreter until May of 2020, after he had filed this Complaint on April 28, 2020. (*Id*.). Plaintiff did not complain to either Defendant Dowdy or, to her knowledge, any other CCDC staff, that the TTY phone was inadequate for his needs or that it did not allow him to effectively communicate with individuals outside CCDC. (*Id*. at 5). Nothing in Plaintiff's verified Complaint disputes that he was permitted the use of the TTY phone or that he failed to indicate to any CCDC staff that the TTY phone was inadequate for his needs. These facts are, therefore, deemed admitted. Defendant Dowdy also notes that a TTY phone is expressly listed in as auxiliary aid option for an individual with a hearing disability under the ADA. (Doc. 18 at 6) (quoting 28 C.F.R. § 35.104). Nothing in Plaintiff's verified complaint disputes that a TTY phone is an approved auxiliary aid under the ADA. This fact is, therefore, deemed admitted.

Thus, based on the undisputed material facts before the Court, Plaintiff was provided with a reasonable accommodation for his hearing disability in the form of a TTY phone to communicate with individuals outside CCDC. Plaintiff used the TTY phone frequently, and he made no complaint about the reasonableness or effectiveness of this accommodation until after filing this Complaint. The Eighth Circuit has made it clear that public entities such as jails or prisons "are not required to guess at what accommodations they should provide;" instead, the burden rests on the requesting individual to make their limitations and needs clear. *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). As Plaintiff made no complaint concerning the TTY phone, he cannot now claim that it was an inadequate accommodation. Nor is he entitled to his preferred

accommodation in the form of a certified ASL interpreter posted at his side all day, every day, inside CCDC.

Accordingly, there is no question of material fact, and summary judgment in Defendant Dowdy's favor is appropriate as a matter of law.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 1st day of April 2021.

Judgment will be entered accordingly.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE